UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WADE, )<br>)<br>        Petitioner, )<br>)<br>v. )<br>)<br>BERNARD F. BRADY, and )<br>THOMAS F. REILLY, )<br>)<br>        Respondents. )<br>) | Civil Action No. 04-12135-NG |

**RESPONDENTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
THE PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

      The respondents, by and through their counsel, respectfully submit this memorandum of law in support of their motion to dismiss the petition for a writ of habeas corpus filed by the petitioner, Robert Wade. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions. Because his conviction became final on November 6, 1998, Wade had to file his federal habeas petition within a one-year limitations period that expired on November 6, 1999. Moreover, the statute of limitations was not tolled at any point between November 6, 1998 and November 6, 1999. Consequently, because this habeas petition was not filed until October 8, 2004, – almost five years' too late – the petition must be dismissed as time-barred.

**Prior Proceedings**

      On December 6, 1993, a Plymouth County grand jury indicted the Robert D. Wade for murder in violation of G. L. c. 265, § 1 and aggravated rape in violation of G. L. 265, § 22(a).

*See* Ex. B, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.[1]  On September 8, 1997, after a jury trial before Massachusetts Superior Court Associate Justice John A. Tierney, the jury returned guilty verdicts on both counts, murder and aggravated rape.  *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.  Judge Tierney sentenced the petitioner to life in prison.  *Id*.  The petitioner timely appealed to the Massachusetts Supreme Judicial Court ("SJC").  *Id.*  On August 6, 1998, the SJC held that the petitioner's conviction for aggravated rape underlying the first-degree murder conviction was duplicative and had to be vacated and affirmed the petitioner's conviction for murder.  *See* Exhibit D, *Commonwealth v. Wade*, 428 Mass. 147, 697 N.E. 2d 541 (1998).

On May 9, 2000, the petitioner filed a motion for a writ of habeas corpus in Plymouth Superior Court that was denied by Judge Tierney on May 19, 2000.  *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.  On December 9, 2002, the petitioner, through new counsel, filed a motion for DNA testing of physical evidence that was denied on July 30, 2003 by Massachusetts Superior Court Associate Justice Richard J. Chin.  *Id.*  On December 26, 2002, the petitioner filed a motion for a new trial that was denied on December 23, 2003 by Massachusetts Associate Justice Joseph M. Walker.  *Id.*   On February 17, 2004, the petitioner filed a petition to the single justice of the SJC for Suffolk County pursuant to G. L. c. 278, § 33E seeking leave to appeal the denial of both his motion for DNA testing and his motion for a new trial.  *See* Ex. E, Docket Sheets, *Commonwealth v. Wade*, SJC for Suffolk County SJ-2004-0073.  On April 12, 2004, the single justice issued an order denying the application under G.L. c. 278, § 33E for leave to appeal.  *Id.*

---

[1] Exhibits A, B and C contain both typewritten and computerized pages of the docket for *Commonwealth v. Wade*, PLCR1993-94856.  This reflects a conversion from manual to computerized dockets.  The docket is complete.

On October 8, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents now file this memorandum of law in support of their motion to dismiss the petition as time-barred.

## ARGUMENT

**A.   The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

Wade's petition for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), which became effective April 24, 1996.  That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

The SJC affirmed the petitioner's conviction for murder on August 6, 1998. *See* Ex. D, *Commonwealth v. Wade*, 428 Mass. 147, 697 N.E. 2d 541 (1998). Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, Wade's conviction became final on November 6, 1998. *See* 28 U.S.C. § 2244(d)(1)(A); *Voravongsa v. Wall*, 349 F.3d 1, 3 (1st Cir. 2003) (state conviction is final at expiration of ninety-day period to file petition for certiorari with the United States Supreme Court). Wade therefore had until November 6, 1999 to bring a habeas petition. 28 U.S.C. § 2244(d); *Currie v. Matesanz*, 281 F.3d 261, 262 (1st Cir. 2002). The federal habeas petition in this case was not filed until October 8, 2004, almost five years after the one-year limitation period had expired. The petition therefore is time-barred under the statute of limitations for habeas petitions and must be dismissed. 28 U.S.C. § 2244(d).

**B.    The Limitations Period Was Never Tolled.**

Nor is the petitioner entitled to rely on the tolling provision set forth in § 2244(d)(2). That section tolls the statute of limitations "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . .." *Id.* The state court docket indicates that Wade filed a *pro se* motion for habeas corpus in May, 2000, a motion for DNA testing, and a motion for new trial in December 2002. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.[2] Since each of Wade's

---

[2] In Massachusetts, a petition for a writ of habeas corpus may only be properly brought by an individual who contends that "the term of a lawfully imposed sentence has expired," or by one who bases his argument on "grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage." *Stewart, petitioner*, 411 Mass. 566, 568, 583 N.E.2d 854, 856 (1992), *quoting Averett, petitioner*, 404 Mass. 28, 30-31, 533 N.E.2d 1023, 1024 (1989). *See Valliere v. Superintendent, Mass. Correctional Inst.*, 429 Mass. 1024, 1024 (1999); *Clark, petitioner*, 34 Mass. App. Ct. 191, 192, 608 N.E.2d 1060, 1061 (1993). Where a challenge is made to a criminal conviction, based upon the validity of the indictment, trial, conviction, or sentence, a motion for a new trial or for release from unlawful restraint under Mass. R. Crim. P. 30 provides the exclusive remedy. *See Leaster v. Commonwealth*, 385 Mass. 547, 549, 432 N.E.2d 708 (1982). *See also McCastle, petitioner*, 401 Mass. 105, 106, 514 N.E.2d 1306, 1307-08 (1987).

motions was filed *after* the limitations period had lapsed, none of the motions tolled the statute of limitations. *See, e.g.*, *Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); *Dunker v. Bissonnette*, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations).

Since Wade's conviction became final on November 6, 1998, he had to file his habeas petition in federal court no later than November 6, 1999. There were no tolling events that extended the one-year limitations period. Consequently, because Wade did not bring this petition until October 8, 2004, it is almost five years too late. Wade's petition therefore must be dismissed as time-barred.

## Conclusion

For the reasons set forth above, the petition for a writ of habeas corpus should be dismissed with prejudice.

                                                Respectfully submitted,

                                                THOMAS F. REILLY
                                                ATTORNEY GENERAL

                                                /s/Eva M. Badway_____
                                                Eva M. Badway
                                                Assistant Attorney General
                                                Criminal Bureau
                                                One Ashburton Place
                                                Boston, Massachusetts 02108
                                                (617) 727-2200, ext. 2824

Dated: January 4, 2005                      BBO # 635431