UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT WADE,<br><br>   Petitioner,<br><br>v.<br><br>BERNARD F. BRADY, and<br>THOMAS F. REILLY,<br><br>   Respondents. | Civil Action No. 04-12135-NG |

**RESPONDENTS' MOTION FOR RECONSIDERATION OF THE
MARCH 23, 20005 ORDER FOR ADDITIONAL BRIEFING**

  Now come the respondents Bernard F. Brady and Thomas F. Reilly, through their attorney, and respectfully request that this Court reconsider its March 23, 2005 Order for Additional Briefing pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"). The Court should postpone any decisions concerning the role of "actual innocence" in habeas proceedings because the respondents' motion to dismiss based upon the statute of limitations is currently pending and has yet to be decided. *See* Docket at 9.

  The Massachusetts Supreme Judicial Court ("SJC") affirmed the petitioner's conviction for murder on August 6, 1998. *See* Ex. D, *Commonwealth v. Wade*, 428 Mass. 147, 697 N.E. 2d 541 (1998). Allowing ninety days for the time to file a petition for writ of certiorari in the United States Supreme Court, Wade's conviction became final on November 6, 1998. *See* 28 U.S.C. § 2244(d)(1)(A); *Voravongsa v. Wall*, 349 F.3d 1, 3 (1st Cir. 2003) (state conviction is final at expiration of ninety-day period to file petition for certiorari with the United States Supreme Court). Under AEDPA, a petitioner has one year from the date his conviction

becomes final to seek a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A). Wade therefore had until November 6, 1999 to bring a habeas petition. 28 U.S.C. § 2244(d); *Currie v. Matesanz*, 281 F.3d 261, 262 (1st Cir. 2002).

Moreover, the limitations period is tolled only whenever the petitioner has "a properly-filed application for State post-conviction ... review" pending in state court. *See* 28 U.S.C. § 2244(d)(2). In the instant case, the petitioner cannot rely on the tolling provision set forth in § 2244(d)(2) where the state court docket indicates that Wade filed a motion for DNA testing and a motion for new trial in December 2002, three years after the limitations had lapsed. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856. Since each of Wade's motions was filed *after* the limitations period had lapsed, none of the motions tolled the statute of limitations. *See, e.g.*, *Delaney v. Matesanz*, 264 F.3d 7, 11 (1st Cir. 2001) (AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); *Dunker v. Bissonnette*, 154 F. Supp.2d 95, 103 (D. Mass. 2001) (state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations).

Furthermore, while equitable tolling is indeed available in appropriate cases to extend the one-year limitation period specified in 28 U.S.C. § 2244(d)(1), as the party seeking to invoke equitable tolling, Wade bears the burden of establishing the basis for it. *See Neverson v. Farquaharson*, 366 F.3d 32, 41(1st Cir. 2004), *citing Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002). Equitable tolling should be invoked only "sparingly," it is not available to rescue a litigant from his own lack of due diligence. *Neverson v. Farquaharson*, 366 F.3d at 41, *citing Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 95 (1990) and *Baldwin County Welcome Ctr. v.*

*Brown*, 466 U.S. 147, 151 (1984). This means that at a minimum, equitable tolling is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time. *Neverson v. Farquaharson*, 366 F.3d at 41, *citing Lattimore*, 311 F.3d at 55 ; *Delaney*, 264 F. 3d at 15. As the First Circuit noted, in the habeas context particularly, care is required to avoid upsetting the "strong concern for finality" embodied in § 2254. *Neverson v. Farquaharson*, 366 F.3d at 41, *quoting Brackett v. United States*, 270 F.3d 60, 67 (1st Cir. 2001). Thus, where the petitioner waited almost five years after the one-year limitation period had expired to file his petition for habeas corpus and has alleged no reasons for his failure to timely file the habeas petition, equitable tolling does not apply to the facts of this case.

Even assuming that petitioner credibly alleged that circumstances beyond his control existed to prevent his timely filing for state post-conviction relief, equitable tolling still would be inappropriate in this case. While it is true that some circuits have determined that credible claims of actual innocence will equitably toll the one-year limitations period, *see e.g., Souter v. Jones*, 395 F.3d 577, 589 (2005), in the instant case, the petitioner has not set forth any credible claim of actual innocence. The petitioner merely claims that his trial counsel was ineffective, characterizing defense counsel's theory of the case as "wholly misguided." *See* Petition at ¶12C and Petitioner's Memorandum of Law in Support of His Opposition to the Respondent's Motion to Dismiss the Petition for Habeas at pp. 3-4. The defense theory at trial was consent and in his affidavit accompanying his motion for a new trial the petitioner denied having sexual intercourse with the victim. *Id.* at p.4. In the instant case, the petitioner has not presented *any* evidence of innocence so strong that this Court cannot have confidence in the outcome of his state court trial. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995).

**WHEREFORE**, the respondents respectfully request that the Court reconsider the its March 23, 2005 Order for Additional Briefing and dismiss this habeas petition with prejudice on the grounds that it is time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway_____
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: March 30, 2005