# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ROBERT WADE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 04-12135-NG** |
| **BERNARD F. BRADY, and** ) | |
| **THOMAS F. REILLY,** ) | |
| ) | |
| **Respondents.** ) | |

## RESPONDENTS' RESPONSE TO THE
## MARCH 23, 20005 ORDER FOR ADDITIONAL BRIEFING

Now come the respondents Bernard F. Brady and Thomas F. Reilly, through their attorney, and respectfully submit this response to this Court's March 23, 2005 order for additional briefing on the issue of whether this Court can invoke Rule 6 of the Rules Governing 28 U.S.C. § 2254 Proceedings to authorize Wade to conduct discovery in the form of DNA testing of the semen found in the vagina of the victim in the underlying criminal case. This Court requested that the parties specifically address "the interplay between "actual innocence," as discussed in *Bousley v. United States*, 523 U.S. 614 (1998), and equitable tolling, as discussed in *Schlup v. Delo*, 513 U.S. 298 (1995), and to whether there must be a threshold factual showing of "actual innocence" before testing can be performed." *See* March 23, 2005 Order for Additional Briefing.

## PROCEDURAL BACKGROUND

### A.    The State Court Proceedings

On December 6, 1993, a Plymouth County grand jury indicted Robert D. Wade for

murder in violation of G. L. c. 265, § 1 and aggravated rape in violation of G. L. 265, § 22(a).

*See* Ex. B, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856. [1]    On September 8,

1997, after a jury trial before Massachusetts Superior Court Associate Justice John A. Tierney,

the jury returned guilty verdicts on both counts, murder and aggravated rape.  *See* Ex. A, Docket

Sheets, *Commonwealth v. Wade*, PLCR1993-94856.  Judge Tierney sentenced the petitioner to

life in prison.  *Id.*  The petitioner timely appealed to the Massachusetts Supreme Judicial Court

("SJC").  *Id.*  On August 6, 1998, the SJC held that the petitioner's conviction for aggravated

rape underlying the first-degree murder conviction was duplicative and had to be vacated and

affirmed the petitioner's conviction for murder.  *See* Exhibit D, *Commonwealth v. Wade*, 428

Mass. 147, 697 N.E. 2d 541 (1998).

On May 9, 2000, the petitioner filed a motion for a writ of habeas corpus in Plymouth

Superior Court that was denied by Judge Tierney on May 19, 2000.  *See* Ex. A, Docket Sheets,

*Commonwealth v. Wade*, PLCR1993-94856.  On December 9, 2002, the petitioner, through new

counsel, filed a motion for DNA testing of physical evidence that was denied on July 30, 2003

by Massachusetts Superior Court  Associate Justice Richard J. Chin.  *Id.*  On December 26,

2002, the petitioner filed a motion for a new trial that was denied on December 23, 2003 by

Massachusetts Associate Justice Joseph M. Walker.  *Id.*    On February 17, 2004, the petitioner

---

[1]  Exhibits A, B and C contain both typewritten and computerized pages of the docket for
*Commonwealth v. Wade*, PLCR1993-94856.  This reflects a conversion from manual to
computerized dockets.  The docket is complete.

2

filed a petition to the single justice of the SJC for Suffolk County pursuant to G. L. c. 278, § 33E seeking leave to appeal the denial of both his motion for DNA testing and his motion for a new trial. *See* Ex. E, Docket Sheets, *Commonwealth v. Wade*, SJC for Suffolk County SJ-2004-0073. On April 12, 2004, the single justice issued an order denying the application under G.L. c. 278, § 33E for leave to appeal. *Id.*

### B.     The Habeas Corpus Proceedings

On October 8, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket at 1. On January 4, 2005, the respondents filed a motion to dismiss the petition as time-barred, along with a memorandum of law in support of thereof. *See* Docket at 9 and 10. On January 10, 2005, Wade filed an opposition to the respondents' motion to dismiss, along with a memorandum of law in support of thereof. *See* Docket at 13 and 14. On March 23, 2005, this Court issued an order for additional briefing on the issue of whether this Court can invoke Rule 6 of the Rules Governing 28 U.S.C. § 2254 Proceedings to authorize Wade to conduct discovery in the form of DNA testing of the semen found in the vagina of the victim in the underlying criminal case. This Court requested that the parties specifically address "the interplay between "actual innocence," as discussed in *Bousley v. United States*, 523 U.S. 614 (1998), and equitable tolling, as discussed in *Schlup v. Delo*, 513 U.S. 298 (1995), and to whether there must be a threshold factual showing of "actual innocence" before testing can be performed." *See* Docket at 17. On March 30, 2005 the respondents filed a motion for reconsideration of the March 23, 2005 order that this Court has not yet ruled upon. *See* Docket at 18. The respondents submit this response to this Court's March 23, 2005 order for additional briefing.

I.    **THIS COURT SHOULD NOT AUTHORIZE WADE TO CONDUCT DISCOVERY IN THE FORM OF DNA TESTING WHERE THIS TIME-BARRED HABEAS PETITIONER MERELY CLAIMS ACTUAL INNOCENCE AND CANNOT DEMONSTRATE THAT IT IS MORE LIKELY THAN NOT THAT NO REASONABLE JUROR WOULD HAVE FOUND HIM GUILTY BEYOND A REASONABLE DOUBT WHERE HE HAS NOT MADE A CREDIBLE SHOWING OF ACTUAL INNOCENCE.**

The First Circuit has held that the one-year limitations period in § 2244 (d) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases. *See Neverson v. Farquharson*, 366 F. 2d 32, 41 (2004). However, to preserve the usefulness of the statutes of limitations as rules of law, equitable tolling should be invoked only sparingly. *Id.*, citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). It is not available to rescue a litigant from his own lack of due diligence. *Id.*, citing *Baldwin County Welcome Ctr, v. Brown*, 466 U.S. 147, 151 (1984). At a minimum, equitable tolling is appropriate only when circumstances beyond the petitioner's control have prevented him from filing on time. *Id.*, citing *Lattimore v. Dubois*, 311 F. 3d 46, 55 (1st Cir. 2002); *Delaney v. Matesanz*, 264 F. 3d 7, 15 (1st Cir. 2001). In the habeas context particularly, care is required to avoid upsetting the "strong concern for finality" embodied in § 2254. *Id.*, citing *Brackett v. United States*, 270 F. 3d 60, 67 (1st Cir. 2001).

In the instant case, this Court appears to be considering whether a claim of actual innocence is sufficient to excuse a failure to file within the limitations period. The United States Supreme Court has held that a claim of actual innocence may be asserted "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). Furthermore, a credible showing of actual innocence is sufficient to enable a court to reach the merits of an otherwise procedurally barred habeas petition. *Id.* at

4

317. The actual innocence claim in *Schlup* is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id*. at 315.  In order to demonstrate a credible claim of actual innocence, a petitioner must support his claim of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. *Id*. at 324.  Thus, the first question is whether the new facts raise sufficient doubt about the petitioner's guilt to undermine the confidence in the result of the trial. *Id.* at 317.  To show actual innocence, the petitioner must demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *See Schlup v. Delo*, 513 U.S. at 327.  The Supreme Court has stated that "actual innocence means factual innocence, not mere legal sufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).  However, the Court cautioned that the actual innocence exception should remain rare and should only be applied in the "extraordinary case." *See Schlup v. Delo*, 513 U.S. at 321.  In the instant case, Wade has not presented any new evidence, he has merely asserted a claim of actual innocence.

As the Sixth Circuit explained in *Souter v. Jones*, 395 F. 3d 577, 588  (2005), following *Schlup*, the United States Congress codified an actual innocence exception to the procedural bar on successive habeas petitions in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), but did not include an exception with regards to the limitations provisions. *See* 28 U. S. C. § 2244 (b)(2)(B)(ii).  Neither the Supreme Court, not the First Circuit has addressed the issue of whether an actual innocence exception to AEDPA's one-year limitations period exists. It is an open question whether a colorable showing of actual innocence is sufficient to excuse a

failure to file within the limitations period.  However, the First Circuit has determined that prisoners "who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming." *David v. Hall*, 318 F. 3d 343, 347 (1st Cir.), *cert denied*, 540 U.S. 815 (2003).  The First Circuit further observed, "the statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly knew how to provide such an escape hatch." [2] *Id.*

In *Flanders v. Graves*,  299 F. 3d 974, 978 (8th Cir. 2002), the court held that the petitioner's claim of actual innocence did not warrant tolling of the limitations period; however, the Eighth Circuit did not hold that actual innocence can never be relevant to a claim that the habeas statute should be equitably tolled.  For such a claim to be viable, the Eighth Circuit determined that a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.  *See Flanders v. Graves*, 299 F. 3d at 978; *see also Gildon v. Bowen*, 384 F. 3d 883, 887 (7th Cir. 2004)(adopting the Eighth Circuit's approach in *Flanders*).  None of that can be said in this case.  Wade does not assert that some action or inaction on the part of the respondent prevented him from discovering the facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these

---

[2] The First Circuit noted in footnote 5, "In AEDPA Congress adopted a form of actual innocence test as one component of its threshold requirements for allowing a second or successive habeas petition; but it also provided that this second petition is allowed only where the factual predicate for the claim of constitutional error could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244 (b)(2)(B)."

facts in time to file a petition within the period of limitations.  Instead, Wade, who waited four

years after his conviction was affirmed by the Massachusetts Supreme Judicial Court ("SJC")

before filing a motion for DNA testing in state court, merely claims that defense counsel was

ineffective for failing to request DNA testing pre-trial and presenting a wholly misguided theory

of consent, *see* Petitioner's Memorandum of Law In Support of His Opposition to Respondent's

Motion to Dismiss at p. 3.  Wade has not presented this Court with any evidence to raise

sufficient doubt about his guilt or undermine confidence in the result of the trial.  Thus, Wade

simply does not present this Court with a credible claim of actual innocence and this Court

should dismiss his petition as untimely.

When questioning whether constitutional considerations require an actual innocence

exception to AEDPA statute of limitations, some courts have, in fact, remanded cases to district

courts to determine whether the petitioner could make a showing of actual innocence before

resolving the constitutional issue.  *See, e.g., Whitley v. Senkowski*, 317 F.3d 223, 225 (2nd Cir.

2003); *Wyzkowski v. Department of Corrections*, 226 F. 3d 1213 (11th Cir. 2000).   In order to

show actual innocence, "a petitioner must present 'new reliable evidence that was not presented

at trial' and 'show that it is more likely than not that no reasonable juror would have found [him]

guilty beyond a reasonable doubt.'" *Lucidore v. New York Div. of Parole*, 209 F. 3d 107,114

(2nd Cir. 2000), *cert denied*, 531 U.S. 873 (2000)(quoting *Schlup v. Delo*, 513 U.S. at 324).

The Second Circuit advised that in addressing this issue it is necessary to consider whether the

petitioner was diligent in pursuing his claim of actual innocence, and, if not, whether reasonable

diligence is a precondition of pressing his constitutionally based actual innocence claim.  *See*

*Whitley v. Senkowski*, 317 F.3d at 225.

Some questions to be addressed sequentially include the following: (1) did the petitioner pursue his actual innocence claim with reasonable diligence? (2) If the petitioner did not pursue the claim with reasonable diligence, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations? (3) If the petitioner did pursue the claim with reasonable diligence or if reasonable diligence is unnecessary, does the petitioner make a credible claim of actual innocence? (4) If the petitioner does make a claim of actual innocence, does the United States Constitution require an "actual innocence" exception to the AEDPA statute of limitations on federal habeas petitions? *See Whitley v. Senkowski*, 317 F.3d at 225-26. Wade has not presented this Court with any new or additional evidence to demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. In fact, the petitioner waited over four years after SJC affirmed his conviction for murder, *see* Exhibit D, *Commonwealth v. Wade*, 428 Mass. 147, 697 N.E. 2d 541 (1998), before filing a motion for DNA testing of physical evidence on December 9, 2002, that was denied on July 30, 2003 by Massachusetts Superior Court Associate Justice Richard J. Chin. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856. Not only did this petitioner not pursue his actual innocence claim with reasonable diligence, he does not set forth any additional evidence to support a credible claim of actual innocence. The petitioner merely asserts that defense counsel was ineffective for failing to request DNA testing pre-trial and presenting a wholly misguided theory of consent. *See* Petitioner's Memorandum of Law In Support of His Opposition to Respondent's Motion to Dismiss at p. 3. Thus, Wade has not made a showing of actual innocence and this Court should not authorize Wade to conduct discovery in

8

the form of DNA testing of the semen found in the vagina of the victim in the underlying criminal case.

In *Felder v. Johnson*, the Fifth Circuit held that a claim of actual innocence "does not constitute a rare and exceptional circumstance, given that many prisoners maintain that they are innocent." *See Felder v. Johnson*, 204 F. 3d 168, 171 (5th Cir. 2000). The Fifth Circuit noted that Felder did not make a showing of actual innocence. *Id.* at n. 8. In the instant case, Wade, just like the petitioner in *Felder v. Johnson*, has simply made a claim of actual innocence and has not made any showing of actual innocence to this Court. Thus, this Court should not authorize Wade to conduct discovery in the form of DNA testing of the semen found in the vagina of the victim in the underlying criminal case.

In *Souter v. Jones*, the Sixth Circuit first determined that the petitioner Souter put forth a credible claim of factual innocence and also held that an actual innocence exception to AEDPA exists. *See Souter v. Jones*, 395 F.3d at 596. However, *Souter v. Jones* is easily distinguishable from the instant case, where the petitioner Souter presented the district court with new evidence, collected over several years that raised sufficient doubt about his guilt and undermined confidence in the result of his trial. *Id.* at 589-90. The Sixth Circuit concluded that the new evidence, which included changed testimony of Drs. Bauserman and Cohle (two pathologists who testified in Souter's original trial), statements from the bottle manufacturer, additional evidence of the forensic scientist and police laboratory technician, and photographs of bloody clothing, when taken together "'chips away' at the rather slim circumstantial evidence upon which [Souter] was convicted." *Id.* at 592 (quoting J.A. at 185 (Magis. Judge Report and Recommendation). In the instant case, Wade has not presented this Court with any new

evidence; he simply has claimed "actual innocence." Thus, Wade has not put forth a credible

claim of factual innocence. For these reasons, this Court should not authorize Wade to conduct

discovery in the form of DNA testing of the semen found in the vagina of the victim in the

underlying criminal case.

II.    **THIS COURT SHOULD NOT AUTHORIZE WADE TO CONDUCT DISCOVERY IN THE FORM OF DNA TESTING WHERE THE PETITIONER HAS FAILED TO SET FORTH GOOD CAUSE.**

In the habeas corpus forum, unlike the ordinary civil arena, a petitioner is not entitled to

discovery as a matter of course. *See Bracy v. Gramley*, 520 U. S. 899, 904 (1997); *Harris v.

Nelson,* 394 U. S. 286, 295 (1969). Rather, a petitioner is subject to the strict requirements set

forth in Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts,

which provides:

> A party shall be entitled to invoke the processes of discovery available under the
> Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise
> of his discretion and for good cause shown grants leave to do so, but not otherwise.

*See also Gilday v. Callahan*, 99 F.R.D. 308, 308-09 (D. Mass. 1983) (Alexander, M.J.) (liberal

standard for discovery in Rule 26 "severely curtailed" in habeas cases).

To establish "good cause" a  petitioner must come forward with "specific allegations" as

to the facts, which if fully developed, would entitle the  petitioner to relief.  *Harris*, 394 U.S. at

300.  Good cause does not exist where the petitioner through his discovery requests seeks to

relitigate factual issues that have already been conclusively resolved by the state courts. *Gilday*,

99 F.R.D. at 309 (refusing to permit deposition of co-defendant who allegedly perjured himself

in exchange for lenient sentence "[b]ecause the fact the petitioner seeks to dispute have already

been resolved by the state court"); 28 U.S.C. § 2254(e)(1)(presumption of correctness).  Nor

does good cause exist where the grounds relied upon in support of the petitioner's discovery request are wholly speculative and conclusory.  *See Bracy*, 520 U.S. at 908-909; *Harris*, 394 U.S. at 290, 300; *Murphy v. Johnson*, 205 F. 3d 809, 813-815 (5th Cir. 2000) (denying petitioner's request for discovery to support a *Brady* claim where petitioner's claim based purely upon speculation).

 As applied here, the petitioner alleges that discovery is necessary to establish his claim that counsel was ineffective in failing to order DNA testing pretrial.  According to the petitioner, the test results in question would support the petitioner's contention that he did not rape the victim.  There is, however, no evidence to support this conclusion apart from pure speculation. Moreover, even if such evidence existed, it would have been wholly inconsistent with the petitioner's theory at trial, which was that the victim had consented to have sex with him.  As the SJC properly set forth that a sexual assault examination performed on the victim was positive and there was evidence the petitioner perpetrated the act.  *See Commonwealth v. Wade*, 428 Mass. 147, 148, 697 N.E.2d 541, 543 (1998).  These state court factual  findings are  not open for review in this proceeding and, even if they were, the petitioner is not free, under the guise of conducting discovery under Rule 6,  to relitigate his state court conviction on a theory that was not raised in the state courts.  *Barefoot v. Estelle*, 403 U.S. 880, 887(1993)("Federal courts are not forums in which to relitigate state trials").

 Nor would the proposed discovery assist the petitioner in establishing his ineffective assistance of counsel claims.  The petitioner's defense at trial was consent and the evidence at trial supported this defense.  Counsel could not be ineffective in failing to pursue a mutually antagonistic defense such as that belatedly proposed here.  *See Strickland v. Washington*, 466

U.S. 668, 681 (1985)(counsel is not ineffective in failing to seek information that would be inconsistent with the defense theory); *Thompson v. Nagel*, 118 F. 3d 1442, 1452 (11th Cir. 1997) (counsel not ineffective for choosing a specific defense strategy). It is entirely speculative for the petitioner to assert, as he does in his motion for new trial, that he did not have sexual intercourse with the victim. This adds merely another level of speculation to the petitioner's already entirely hypothetical claim. In any event, it is well-settled that counsel cannot be constitutionally ineffective simply for making an unsuccessful argument, particularly where, as here, the argument would have detracted from the principal defense theory. *Strickland v. Washington*, 466 U.S. at 689. It would be "all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.*; *see Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986)(necessary to assess counsel's overall performance to determine whether acts or omissions overcome "presumption that counsel rendered reasonable professional assistance").

## **CONCLUSION**

For the reasons set forth above, this Court should not authorize Wade to conduct

discovery in the form of DNA testing of the semen found in the vagina of the victim in the

underlying criminal case.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
Dated: May 13, 2005                        BBO # 635431

13