UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WADE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-12135-NG |
| BERNARD F. BRADY, and ) | |
| THOMAS F. REILLY, ) | |
| ) | |
| Respondents. ) | |

RESPONDENTS' OPPOSITION TO
PETITIONER'S MOTION TO AMEND

Now come the respondents Bernard F. Brady and Thomas F. Reilly, through their attorney, and respectfully submit this opposition to the petitioner's motion to amend complaint.

PROCEDURAL BACKGROUND

A.   The State Court Proceedings

On December 6, 1993, a Plymouth County grand jury indicted Robert D. Wade for murder in violation of G. L. c. 265, § 1 and aggravated rape in violation of G. L. 265, § 22(a). *See* Ex. B, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.[1]  On September 8, 1997, after a jury trial before Massachusetts Superior Court Associate Justice John A. Tierney, the jury returned guilty verdicts on both counts, murder and aggravated rape. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.  Judge Tierney sentenced the petitioner to life in prison. *Id*.  The petitioner timely appealed to the Massachusetts Supreme Judicial Court

---

[1] Exhibits A, B and C contain both typewritten and computerized pages of the docket for *Commonwealth v. Wade*, PLCR1993-94856.  This reflects a conversion from manual to computerized dockets.  The docket is complete.

("SJC"). *Id.* On August 6, 1998, the SJC held that the petitioner's conviction for aggravated rape underlying the first-degree murder conviction was duplicative and had to be vacated and affirmed the petitioner's conviction for murder. *See* Exhibit D, *Commonwealth v. Wade*, 428 Mass. 147, 697 N.E. 2d 541 (1998).

On May 9, 2000, the petitioner filed a motion for a writ of habeas corpus in Plymouth Superior Court that was denied by Judge Tierney on May 19, 2000. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856. On December 9, 2002, the petitioner, through new counsel, filed a motion for DNA testing of physical evidence that was denied on July 30, 2003 by Massachusetts Superior Court Associate Justice Richard J. Chin. *Id.* On December 26, 2002, the petitioner filed a motion for a new trial that was denied on December 23, 2003 by Massachusetts Associate Justice Joseph M. Walker. *Id.* On February 17, 2004, the petitioner filed a petition to the single justice of the SJC for Suffolk County pursuant to G. L. c. 278, § 33E seeking leave to appeal the denial of both his motion for DNA testing and his motion for a new trial. *See* Ex. E, Docket Sheets, *Commonwealth v. Wade*, SJC for Suffolk County SJ-2004-0073. On April 12, 2004, the single justice issued an order denying the application under G.L. c. 278, § 33E for leave to appeal. *Id.*

### B. The Habeas Corpus Proceedings

On October 8, 2004, the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Docket at 1. On January 4, 2005, the respondents filed a motion to dismiss the petition as time-barred, along with a memorandum of law in support of thereof. *See* Docket at 9 and 10. On January 10, 2005, Wade filed an opposition to the respondents' motion to dismiss, along with a memorandum of law in support of thereof. *See*

Docket at 13 and 14. On March 23, 2005, this Court issued an order for additional briefing on the issue of whether this Court can invoke Rule 6 of the Rules Governing 28 U.S.C. § 2254 Proceedings to authorize Wade to conduct discovery in the form of DNA testing of the semen found in the vagina of the victim in the underlying criminal case. This Court requested that the parties specifically address "the interplay between "actual innocence," as discussed in *Bousley v. United States*, 523 U.S. 614 (1998), and equitable tolling, as discussed in *Schlup v. Delo*, 513 U.S. 298 (1995), and to whether there must be a threshold factual showing of "actual innocence" before testing can be performed." *See* Docket at 17. On March 30, 2005 the respondents filed a motion for reconsideration of the March 23, 2005 order that this Court has not yet ruled upon. *See* Docket at 18. On May 13, 2005 both the petitioner and the respondents submitted responses to this Court's March 23, 2005 order for additional briefing. The petitioner also filed a motion to amend his complaint. The respondents submit this opposition to the petitioner's motion to amend.

## ARGUMENT

**THE PETITIONER SHOULD NOT BE ALLOWED TO AMEND HIS PETITION FOR HABEAS CORPUS WHERE HE DOES NOT CHALLENGE THE VALIDITY OF EITHER THE FACT OR LENGTH OF HIS CONFINEMENT IN THE MOTION TO AMEND THE PETITION.**

In his motion to amend his petition for habeas corpus, Wade does not expressly challenge the legality of his detention, nor does he otherwise contest the fact or duration of his confinement. Rather, the motion to amend merely alleges inadequate access to the courts. *See* Petitioner's Motion to Amend at ¶ 5. Since such civil rights claims are cognizable under 42 U.S.C. § 1983 but not under 28 U.S.C. § 2254, this Court should deny the motion to amend the petition for habeas corpus.

It is well-established that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Johnson v. Moran*, 812 F.2d 23, 24 (1st Cir. 1987) ("'the traditional meaning and purpose of habeas corpus is to effect release from illegal custody'" (quoting *Preiser*, 411 U.S. at 476 n.7)). Consistent with the traditional purpose of habeas corpus, Congress circumscribed the contours of the writ for state prisoners in 28 U.S.C. § 2254(a), which permits a federal court to entertain an application for the writ by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* "In short," as the Supreme Court has stated, "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of confinement." *Preiser*, 411 U.S. at 490.

Wade does not challenge the validity of either the fact or length of his confinement in the motion to amend his petition. The motion to amend seeks equitable relief in the form of the release of biological evidence collected in connection with the crimes that Wade was convicted of in Massachusetts and the transfer of such evidence for DNA testing to a reputable DNA laboratory. *See* Motion to Amend at ¶ A p. 7. Reviewing Wade's motion to amend, it is clear that Wade neither raises habeas claims nor seeks habeas relief. Indeed, none of Wade's claims, therefore, are cognizable in habeas. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue the writ. In the present case, the district court should have dismissed the petition . . . for

lack of subject matter jurisdiction . . . ."); *Cook v. Texas Dept. of Crim. Just. Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement). If Wade intends to pursue his civil rights claims, he must file a separate complaint and pay the appropriate filing fee of $ 250.00, pursuant to the provisions of 28 U.S.C. § 1915. Wade should not be allowed to circumvent the requirements of 28 U.S.C. § 1915 by bringing free-floating civil rights claims under the guise of a habeas petition. Accordingly, the motion to amend the petition should be denied for failing to state any claims for habeas relief.

## CONCLUSION

For the reasons set forth above, this Court should deny Wade's motion to amend his complaint.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

Dated: May 20, 2005