UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-12135-NG

ROBERT WADE,
Petitioner

v.

BERNARD F. BRADY, Acting Superintendent,
THOMAS F. REILLY, Attorney General
Respondents

### MOTION TO AMEND COMPLAINT

Now comes the Petitioner, Robert Wade, and requests that the Court allow him to amend his complaint to add a count of civil rights violation pursuant to 42 U.S.C. § 1983 and to add Timothy J. Cruz, District Attorney for Plymouth County as a Defendant.

As grounds therefor, the Petitioner states:

1. Pursuant to Fed.R.Civ.Pro. 15 (a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served, or by leave of court, which leave shall be freely given when justice so requires.

2. Here, no answer has been filed, only a Motion to Dismiss. A motion to dismiss is not a responsive pleading for purposes of Rule 15(a). McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978); Dartmouth Review v. Dartmouth College, 889 F.2d 13 (1st Cir. 1989); Budnick v. Barnstable County Bar Advocates, 989 F.2d 484 (1st Cir. 1993). See also Fortner v. Thomas, 983 F.2d 1024 (11th Cir. 1987);

1

<blockquote>McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir.1979).</blockquote>

3. Therefore, leave of Court is not required to amend the Complaint to add a § 1983 count.

4. However, if leave were necessary, justice requires that the Court allow the amendment because cases involving DNA testing post-conviction are properly brought under 42 U.S.C. § 1983, which "authorizes a 'suit in equity, or other proper proceeding for redress' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution.'" 42 U.S.C. §1983.

5. Mr. Wade asserts a right to post-conviction DNA testing based on the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and asserts that defendants, by denying him such testing, have deprived him of his federal constitutional rights.

6. These allegations in Mr. Wade's complaint clearly state a claim under the literal requirements of §1983.

7. Timothy J. Cruz, District Attorney for Plymouth County, must be added as a Defendant, in his official capacity, because his office currently has physical control over the evidence which the Petitioner seeks, and he is responsible for formulating policy relating to access to evidence within the possession and control of his department.

8. Attached hereto is a copy of the proposed Amended Complaint.

Robert Wade, by his Attorney
Janet H. Pumphrey

*/s/ JP*

45 Walker Street
Lenox, MA 01240
(413) 637-2777
BBO 556424
Court of Appeals Bar No. 38130