UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04-12135-NG

ROBERT WADE,
Petitioner

v.

BERNARD F. BRADY, Acting Superintendent,
THOMAS F. REILLY, Attorney General, and
TIMOTHY J. CRUZ, District Attorney for Plymouth County
Respondents

## AMENDED COMPLAINT

### INTRODUCTION

1.  This case arises from the Defendants' refusal to release biological evidence currently in their possession for the purposes of state-of-the-art Short Tandem Repeat ("STR") DNA and Mitochondrial DNA testing ("mtDNA"). Such testing could provide exculpatory evidence that Plaintiff Robert Wade was wrongfully convicted of rape and felony murder. Mr. Wade has a federal constitutional right to DNA testing of biological evidence collected in his case, and the relief requested from this Court is limited to the release of the biological evidence for such testing.

2.  The biological evidence that Mr. Wade seeks to subject to DNA testing was originally collected during the investigation of the crime for which he was convicted. Counsel for the Defendant was informed by the Superior Court Clerk's Office that the physical evidence was returned to the District Attorney's Office. Counsel for the Defendant was informed by the District Attorney's Office that they would not look for the evidence without a court order. Preservation of the evidence,

however, was ordered by the Court.

3.  Advanced DNA testing could be performed on semen found in the rape kit. If DNA testing of this biological evidence reveals male profiles that exclude Mr. Wade, it would be profound evidence of his actual innocence. DNA results could then be placed into the national DNA databank system and potentially identify the real perpetrator of this crime.

4.  Mr. Wade has offered to pay for DNA testing. Testing should be performed by one of the most reputable labs in the country.

5.  By denying Mr. Wade' access to this evidence, defendants are effectively blocking Mr. Wade's right of meaningful access to courts. Furthermore, this denial of access is in violation of his Sixth Amendment right to confrontation and compulsory process, Eighth Amendment right against cruel and unusual punishment, and his due process right to meaningful review for executive clemency. The courts of the Commonwealth of Massachusetts have failed to grant relief. Because Mr. Wade' federal constitutional rights are at stake, he now turns to this Court.

## JURISDICTION

6.  This Court has jurisdiction over the subject matter of this Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3) and 1343(a)(4).

7.  Venue is proper over the subject matter of this Complaint pursuant to 42 U.S.C. § 1391(b)(1) and (2) because the Attorney General of the Commonwealth maintains its principal place of business within this District and the events and omissions giving rise to Plaintiff's claims occurred within this District.

## THE PARTIES

8.  Plaintiff Robert Wade is presently incarcerated at Massachusetts Correctional Institute

Sousa Baranowski in Shirley, Massachusetts, serving a sentence of life imprisonment without the possibility of parole. The sentence was imposed by the Plymouth County Superior Court, for felony murder, with the predicate felony being rape.

9. Defendant Thomas Reilly is the elected Attorney General for the Commonwealth of Massachusetts.

10. Defendant Bernard F. Brady is the Acting Superintendent of the prison at Sousa Baranowski.

11. Defendant Timothy J. Cruz is the elected District Attorney for Plymouth County. The Plymouth County District Attorney's Office currently has physical control over the evidence for which Plaintiff seeks access.

12. Defendant Cruz is responsible for formulating policy relating to access to evidence within the possession and control of the Plymouth County District Attorney's Office. He is sued in his official capacity.

13. At all times pertinent to this case, the defendants have acted under color of state law.

### FACTS

14. Mr. Wade' convictions stemmed from a single incident, an alleged aggravated rape perpetrated against a single victim, an eighty-three year old woman who had been diagnosed with Alzheimer's disease.

15. On October 24, 1993 at approximately 5:30 p.m., the victim's son returned to the farm where he lived with his mother and where the Plaintiff worked. When he could not find his mother, he went to the building where the Plaintiff lived, and, when there was no response to his knocking, he opened the door and turned on a light. The Plaintiff emerged from the bedroom naked, and the

3

son discovered his mother lying naked on the bed.

16. The alleged victim was transported to the hospital because she suffered bruises, her wrist was fractured, and her shoulders, knees, and buttocks were scraped. She underwent hip surgery two days later. On October 29, 1993, while still in the hospital, she contracted pneumonia, and she died on November 13, 1993.

17. A Lakeville police officer testified that he visited the victim in the hospital and observed her injuries. He inquired of her, "Who did this to you?" She answered, "It was the man out back... Bob." He asked her if she had had sex with Bob, and she replied, "I don't think so, but maybe."

18. The forensic pathologist testified that sperm cells were present on the vaginal smear slide; sperm cells and human blood were identified on a portion of the crotch area of orange pants; both the victim and the Plaintiff have O type blood; A blood group was also identified on the cutting from the pants; blood type testing performed on the shirt and mattress were inconclusive. The pathologist testified that "in reference to the vaginal swab, at this level of analysis, the suspect cannot be excluded as a contributor into that sample." On the orange pants, the Plaintiff could not be excluded as a contributor, but "he cannot be the single source."

### PRIOR ATTEMPT AT DNA TESTING

19. Mr. Wade has long sought DNA testing to prove his innocence. In 2003, he filed a motion seeking DNA testing in Plymouth County Superior Court. The motion was denied (Chin, J.), and the Plaintiff requested reconsideration. Reconsideration was denied. His Motion for a New Trial was denied on August 15, 2003, and he appealed to the Single Justice of the Supreme Judicial Court, pursuant to General Laws chapter 278, section 33E for leave to appeal the denial of his motion for

DNA testing and for a new trial. The Single Justice denied his petition, and on April 12, 2004, the Supreme Judicial Court entered an order denying leave to appeal.

### FIRST CLAIM FOR RELIEF – VIOLATION OF SUBSTANTIVE DUE PROCESS OF LAW

20. Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

21. By refusing to release the biological evidence for DNA testing, and thereby preventing Mr. Wade from gaining access to evidence which could exonerate him as the perpetrator, defendants have deprived Mr. Wade of access to exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Where biological evidence in State custody could be exculpatory, despite inculpatory evidence on the record, the Due Process Clause guarantees convicted prisoners a right of access to that material for the limited purpose of obtaining DNA testing. Harvey v. Horan, 285 F.3d 298, 308 (4th Cir. 2002) (Luttig, J., concurring).

### SECOND CLAIM FOR RELIEF – VIOLATION OF PROCEDURAL DUE PROCESS OF LAW

21. Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

22. Defendants violated Mr. Wade' Procedural Due Process Right by refusing to afford him an avenue through post-conviction proceedings by which reliable and accurate DNA testing can conclusively prove his actual innocence. See Mathews v. Eldridge, 424 U.S. 319 (1976).

### THIRD CLAIM FOR RELIEF – RIGHT OF MEANINGFUL ACCESS TO COURT

23. Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

24. By refusing the release of biological evidence for DNA testing, Defendants have arbitrarily denied Mr. Wade of his right to meaningful access to state and federal court to establish that he is actually innocent of the crimes for which he is currently incarcerated, in violation of Ex Parte Hull, 312 U.S. 546 (1941), Bell v. Milwaukee, 746 F.2d 1205, 1262 (7th Cir. 1984), Christopher v. Harbury, 536 U.S. 403 (2002), the Petition Clause of the First Amendment to the U.S. Constitution and the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution.

### FOURTH CLAIM FOR RELIEF – ACTUAL INNOCENCE

25. Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

26. By refusing to allow the release of biological evidence for DNA testing, Defendants have deprived Mr. Wade of the opportunity to make a conclusive showing that he is actually innocent of the crimes for which he is currently incarcerated, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. Herrera v. Collins, 506 U.S. 390, 404 (1993).

### FIFTH CLAIM FOR RELIEF – CONFRONTATION AND COMPULSORY PROCESS

27. Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

28. By refusing to release biological evidence for DNA testing, Defendants have deprived Mr. Wade of his right to present evidence of innocence in State Court or Federal Court in violation of the Confrontation and Compulsory Process Clauses of the Sixth Amendment to the U.S. Constitution. This arbitrary refusal to release DNA results precludes Wade' from introducing evidence relevant and material to his case.

**SIXTH CLAIM FOR RELIEF- CRUEL AND UNUSUAL PUNISHMENT**

29.     Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

30.     By refusing to allow the release of biological evidence for DNA testing, Defendants have deprived Mr. Wade of an opportunity to make a conclusive showing of actual innocence, in violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment to the U.S. Constitution. The protection of the Eighth Amendment does not end once a defendant has been validly convicted and sentenced. Herrera, 506 U.S. at 432.

**SEVENTH CLAIM FOR RELIEF – VIOLATION OF DUE PROCESS TO CLEMENCY**

31.     Plaintiff alleges the foregoing paragraphs as though fully set forth herein.

32.     Defendants, by refusing to permit Mr. Wade access to biological evidence for DNA testing have deprived him of the opportunity to a fair and complete executive clemency proceeding where he can make a showing of actual innocence. The Supreme Court has historically recognized executive clemency as a necessary safe guard for the prevention of a miscarriage of justice in our tradition of law. Herrera, 506 U.S. at 417.

WHEREFORE, Plaintiff Robert Wade prays for judgment as follows:

A.      Equitable relief, in the form of the release of the biological evidence collected in connection with the crimes of which Mr. Wade was convicted and the transfer of such evidence for DNA testing to a reputable DNA laboratory by agreement of the parties;

B. Reasonable attorney's fees and costs;

C. Such other and further relief as this Court may deem just and proper.

> Robert Wade, by his Attorney
> Janet H. Pumphrey
>
> 45 Walker Street
> Lenox, MA 01240
> (413) 637-2777
> BBO 556424
> Court of Appeals Bar No. 38130