## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| ROBERT WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BERNARD F. BRADY, | ) |
| THOMAS F. REILLY, and | ) |
| TIMOTHY J. CRUZ | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 04-12135-NG

---

## DEFENDANTS REILLY AND CRUZ'S  MEMORANDUM OF LAW IN SUPPORT OF THEIR  MOTION TO DISMISS

This memorandum of law is submitted by the defendants, Thomas F. Reilly, Attorney General for the Commonwealth of Massachusetts, and Timothy J. Cruz, the Plymouth District Attorney, in support of their motion to dismiss the above-entitled complaint on the grounds that (1) it is not cognizable under 42 U.S.C. § 1983 because it necessarily implies the invalidity of plaintiff's underlying state convictions, *see Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Harvey v. Horan*, 278 F.3d 370, 376 (2002); (2) it is time-barred under the applicable statute of limitations, *see* G. L.c. 260, § 2A;  (3) it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); and (4) a *Brady* claim should not be brought in a § 1983 action.  *See Harvey v. Horan*, 278 F.3d at 378-379.

## PRIOR PROCEEDINGS [1]

On December 6, 1993, a Plymouth County grand jury indicted Robert D. Wade for murder in violation of G. L. c. 265, § 1 and aggravated rape in violation of G. L. 265, § 22(a). *See* Ex. B, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856. [2]  On September 8, 1997, after a jury trial before Massachusetts Superior Court Associate Justice John A. Tierney, the jury returned guilty verdicts on both counts, murder and aggravated rape. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.  Judge Tierney sentenced the plaintiff to life in prison. *Id.* The plaintiff timely appealed to the Massachusetts Supreme Judicial Court ("SJC"). *Id.* On August 6, 1998, the SJC held that the plaintiff's conviction for aggravated rape underlying the first-degree murder conviction was duplicative and had to be vacated and affirmed the plaintiff's conviction for murder. *See* Exhibit D, *Commonwealth v. Wade*, 428 Mass. 147, 697 N.E. 2d 541 (1998).

On May 9, 2000, the plaintiff  filed a motion for a writ of habeas corpus in Plymouth Superior Court that was denied by Judge Tierney on May 19, 2000.  *See* Ex. A, Docket Sheets,

---

[1] The facts contained in this memorandum are drawn from the complaint, official public records, documents central to the plaintiff's claim or sufficiently referred to in the complaint. *Watterson v. Page*, 987 F. 2d 1 (1st Cir.  1993).  Under Fed. R. Civ. P. 12(b)(6), documents attached to a motion to dismiss do not transform such a motion into one for summary judgment where they fit the "narrow exception" described in *Watterson* v. *Page*, 987 F.2d 1 (1st Cir. 1993).  That exception applies to documents "the authenticity of which are not disputed by the parties; for official public records; for documents central to the plaintiff's claim; or for documents sufficiently referred to in the complaint. *Id*. at 3-4.  The exception clearly applies to this case.    Therefore, this court may take the docket sheets into consideration of this motion to dismiss without converting it into a motion for summary judgment.

[2] Exhibits A, B and C contain both typewritten and computerized pages of the docket for *Commonwealth v. Wade*, PLCR1993-94856.  This reflects a conversion from manual to computerized dockets.  The docket is complete.

*Commonwealth v. Wade*, PLCR1993-94856.  On December 9, 2002, the plaintiff, through new

counsel, filed a motion for DNA testing of physical evidence that was denied on July 30, 2003

by Massachusetts Superior Court  Associate Justice Richard J. Chin.  *Id.*  On December 26,

2002, Wade filed a motion for a new trial that was denied on December 23, 2003 by

Massachusetts Associate Justice Joseph M. Walker.  *Id.*  On February 17, 2004, the plaintiff filed

a petition to the single justice of the SJC for Suffolk County pursuant to G. L. c. 278, § 33E

seeking leave to appeal the denial of both his motion for DNA testing and his motion for a new

trial.  *See* Ex. E, Docket Sheets, *Commonwealth v. Wade*, SJC for Suffolk County SJ-2004-0073.

On April 12, 2004, the single justice issued an order denying the application under G.L. c. 278, §

33E for leave to appeal.  *Id.*

        On October 8, 2004, the plaintiff  filed a  petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  *See* Docket at 1.  On January 11, 2005, the respondents, Thomas F. Reilly and

Bernard Brady filed a motion to dismiss and a  memorandum of law in support of their motion to

dismiss the petition as time-barred.  *See* Docket at 9 and 10.  On March 23, 2005, this Court

ordered additional briefing.  *See* Docket at 17.  On May 12, 2005, the petitioner filed a

supplemental memorandum of law and a motion to amend the complaint.  *See* Docket at 27 and

28.  On May 13, 2005, the respondents filed a memorandum of law.  *See* Docket at 25.  On May

18, 2005, the petitioner filed a motion to consolidate.  *See* Docket at 31.  On May 20, 2005, the

respondents filed a memorandum in opposition to the motion to amend.  *See* Docket at 26.   On

September 26, 2005, this Court entered an order allowing the respondents' motion to dismiss the

habeas petition as time-barred and allowing the petitioner's motion to amend the complaint.  *See*

Docket at 34.   On October 11, 2005, the plaintiff filed an amended complaint against Bernard

Brady, Thomas F. Reilly and Timothy J. Cruz, alleging, *inter alia*, that by refusing to release

biological evidence for DNA testing, and thereby preventing plaintiff Wade from gaining access

to evidence which could exonerate him as the perpetrator, the defendants have deprived him

access to exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and the

Due Process Clause of the Fourteenth Amendment to the United States Constitution.  The

defendants Reilly and Cruz  hereby submit this memorandum in support of their motion to

dismiss.

<u>**ARGUMENT**</u>

**I.    THIS COURT SHOULD DISMISS THE COMPLAINT WHERE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

**A.    THE STANDARD OF REVIEW**

_____  When a motion to dismiss is based on the complaint, as it is here, the facts alleged in the

complaint control.  *See Mihos v. Swift*, 358 F. 3d 91, 99 (1st Cir. 2004).   At this stage, it is the

defendants' conduct as alleged in the complaint that is reviewed for objective legal

reasonableness.  *Id*., quoting *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *also citing Dirrane*

*v. Brookline Police Department*, 315 F. 3d 65, 69 n.2 (1st Cit. 2002).  However, this Court may

consider undisputed documents alleged or referenced in the complaint.  *See Dirrane v. Brookline*

*Police Department*, 315 F. 3d at 69 n.2.   In a civil rights action, as in any other action subject to

notice pleading standards, the complaint should at least set forth minimal facts.  *See Educadores*

*Puertoriquenos v. Hernandez*, 367 F. 3d 61, 68 (1st Cir. 2004).   It is important to emphasize that

"notice pleading notwithstanding, Rule 12(b)(6) is not entirely a toothless tiger." *Id.* at 67.

Furthermore, the First Circuit has explained that the requirements of Rule 8(a)(2) are minimal –

but "minimal requirements are not tantamount to nonexistent requirements."  *Id.* at 68, quoting

4

*Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988).   Thus, in considering a motion to dismiss this Court should  "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets."  *Id.,* quoting *Chongris v. Bd. of Appeals*, 811 F. 2d 36, 37 (1st Cir. 1987).

**B.     THE COMPLAINT MUST BE DISMISSED BECAUSE  IT IS NOT COGNIZABLE UNDER 42 U.S.C.  § 1983, AS IT NECESSARILY IMPLIES THE INVALIDITY OF PLAINTIFF'S UNDERLYING  STATE CONVICTIONS.**

When an individual who has been convicted of a crime in state court challenges the fact or duration of his confinement, the exclusive federal remedy is a writ of habeas corpus.  *Heck v. Humphrey*, 512 U. S. 477, 487 (1994).  In *Heck*, the Supreme Court addressed an issue left open in *Preiser v. Rodriguez*, 411 U. S. 475 (1973).  *Preiser* "held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  *Heck v. Humphrey*, 512 U.S. at 486-488.   Consequently, claims attacking the fact or duration of confinement "are not *cognizable* under § 1983."  *Id*. (emphasis in original).  *Preiser* concerned § 1983 cases seeking immediate or speedier release from confinement, not monetary damages.  *Id*.  In *dictum*, the *Preiser* Court distinguished § 1983 claimants seeking only damages:  "If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release."  *Preiser v. Rodriguez*, 411 U. S. at 494 (quoted in *Heck*, 512 U.S. at 486-488).  The *Heck* Court, however, questioned the truth of this *dictum* in circumstances such as those presented in this case: "[W]hen establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction," the Court observed, "the claimant *can* be said to be 'attacking the fact or length of confinement.'"  *Heck v.*

5

*Humphrey*, 512 U.S. at 486-488.  Accordingly, the Court held in *Heck* that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. at 486-487.  If the sentence or conviction has not been so invalidated, the claim is not cognizable under § 1983.  *Id*.  In *Edwards* v. *Balisok*, 520 U.S. 641, 648 (1996) the Court extended the *Heck* rule to §1983 actions for equitable relief as well as those for damages.  *Id.* at 648; *White* v. *Gittens*, 121 F.3d 803, 807 n.3 (1st Cir. 1997).  Furthermore, in *Wilkinson v. Dotson*, -U.S.-, 125 S.Ct. 1242 (2005), the United States Supreme Court in a review of *Preiser* and *Heck*, explained that-

> These cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief)-- no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.* at 1248.   In the instant case, the plaintiff seeks equitable relief for alleged due process violations, specifically, that he has a due process right to DNA evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  *See* Complaint at ¶¶ 20-21.  Although the First Circuit has not yet determined whether *Heck* may be applied in the context of § 1983 action seeking DNA testing post-conviction, in *Harvey v. Horan*, 278 F. 3d 370, 374, the Fourth Circuit held that substantively, Supreme Court precedent makes clear that the plaintiff has failed to state a claim

under § 1983.[3]

Here, the plaintiff's action does not survive *Heck*.  Wade is seeking postconviction DNA

testing of biological evidence in order to provide exculpatory evidence to demonstrate that he

was wrongfully convicted of felony murder.  *See* Complaint at ¶ 1.  Thus, it is clear that Wade is

seeking access to biological evidence for DNA testing to challenge the fact or duration of his

confinement.  The plaintiff has not, and cannot, claim any adjudication by a state or federal court

of competent jurisdiction invalidating or impugning his underlying state convictions, or any

executive order expunging them.  The fact that he has failed or been thwarted in his state court

attempts to meet the *Heck* prerequisite does not alter the outcome.

As the Fourth Circuit explained, the Supreme Court clearly  has held that the finality of

convictions cannot be brought into question by every change in the law.  *See Harvey  v. Horan*,

278 F.3d at 375.  For instance, pursuant to *Teague v. Lane*, a new rule cannot be applied

retroactively to cases on collateral review unless the rule "'falls within the one of two narrow

exceptions to the general rule of nonretroactivity.'" *Id.*, *quoting Tyler v. Cain*, 533 U.S. 656

(2001).  Likewise, the Fourth Circuit concluded that finality cannot be sacrificed to every change

in technology.  *Id.* at 376.  The Fourth Circuit reasonably concluded that the possibility of post-

conviction developments, whether in law or science, is simply too great to justify judicially

---

[3] The Fifth, Ninth and Eleventh Circuit have also decided whether *Heck* may be applied
in the context of § 1983 action seeking DNA testing post-conviction.  *See Kutzner v. Cockrell,*
303 F.3d 333 (5th Cir. 2002); *Osborne v. District Attorney's Office for the Third Judicial
District,* 423 F.3d 1050 (Sept, 8, 2005); *Bradley v. Pryor*, 305 F. 3d 1287 (11th Cir. 2002).
Unlike the Fourth and the Fifth Circuits, the Ninth and Eleventh Circuits have held that a
convicted criminal defendant is permitted to seek the production of evidence for DNA testing
through a § 1983 suit.  *See Osborne v. District Attorney's Office for the Third Judicial District,*
423 F.3d 1050 (Sept, 8, 2005); *Bradley v. Pryor*, 305 F. 3d 1287 (11th Cir. 2002).

sanctioned constitutional attacks upon final criminal judgments.  *Id*.

In addition, *Heck* instructs that § 1983 does not exist to provide an open-ended assault on the finality of criminal judgments.  *See Harvey v. Horan*, 278 F.3d at 376, citing *Heck*, 512 U.S. at 486-87.  Rather, § 1983  exists for the purpose of redressing violations of the United States Constitution and federal statutes.  Since Wade has not, and cannot, claim any adjudication by a state or federal court of competent jurisdiction invalidating or impugning his underlying state convictions for rape and felony murder, this Court should not give him a constitutional right to postconviction DNA testing.  Wade is trying to use a § 1983 action as a discovery device to overturn his state conviction.  *See Harvey v. Horan*, 278 F.3d at 378.   This type of claim questions the validity of his convictions just as a direct challenge to the convictions.  Both are barred by *Heck*.  Accordingly, this Court should dismiss the federal claims against the Attorney General and the Plymouth District Attorney  for challenging the legality of the plaintiff's underlying convictions.  *See Heck*, 512 U.S. at 490 (affirming dismissal for that reason).

### C.    THE COMPLAINT SHOULD BE DISMISSED AS TIME-BARRED UNDER THE APPLICABLE STATUTE OF LIMITATIONS.

Section 1983 does not contain a specific statute of limitations.  *See Wilson v. Garcia*, 471 U.S. 261, 266 (1985).  However, the Supreme Court has held that "§ 1983 claims are best characterized as personal injury tort actions," and therefore that the state limitations period governing tort actions for personal injuries applies to § 1983 claims.  *Id.* at 276, 280; *see Benitez-Pons v. Commonwealth of Puerto Rico,* 136 F.3d 54, 59 (1st Cir. 1998) ("In *Wilson v. Garcia*, the Supreme Court determined that the state statute of limitations applicable in tort actions for personal injuries governs § 1983 claims.").  In Massachusetts, the applicable statute of limitations for § 1983 actions is the "three-year limitation period for personal injury actions" in

8

G.L. c. 260, § 2A. *McIntosh*, 71 F.3d at 34.[4] Notwithstanding this borrowing of the state limitations provision, the determination of the accrual period for § 1983 purposes requires courts "to examine federal law." *Id.* "Under federal law, accrual starts when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Id.*

In this case, although the plaintiff was indicted in 1993, his jury trial occurred in September, 1997. *See* Ex. A, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856. On August 25, 1997, the SJC issued two decisions relative to DNA testing, holding that (1) the DNA test results derived from the polymerase chain reaction (PCR) based tests are scientifically reliable; and (2) DNA test results from the short tandem repeat (STR) method are scientifically valid. *See Commonwealth v. Sok*, 425 Mass. 787, 683 N.E.2d 617 (1997); *Commonwealth v. Rosier*, 425 Mass. 807, 685 N.E.2d 739 (1997). Furthermore, on September 30, 1997, the Massachusetts Legislature enacted legislation related to the State DNA Database. *See* M.G.L. c. 22E, §1 through §15. Thus, the accrual period for the plaintiff's DNA claim therefore started, at latest, in September, 1997, when plaintiff knew, or had reason to know, of the injury on which his action is based. *See McIntosh*, 71 F.3d at 34. Consequently, under the applicable three-year limitations period, the plaintiff had until October, 2000 to institute this action. Instead, the plaintiff waited until October 12, 2005, to file his complaint— eights years after the events underlying his claims. Furthermore, the plaintiff did not request his DNA in state court until December 9, 2002, when the plaintiff, through new counsel, filed a motion for DNA testing of physical evidence that was denied on July 30, 2003 by Massachusetts Superior Court Associate

---

[4] The statute provides, in pertinent part, that "actions of tort . . . to recover for personal injuries . . . shall be commenced only within three years next after the cause of action accrues." G.L. c. 260, § 2A.

Justice Richard J. Chin.  *See* Ex. B, Docket Sheets, *Commonwealth v. Wade*, PLCR1993-94856.

Thus, the claims in plaintiff's action arising from the criminal proceedings resulting in plaintiff's

convictions in September, 1997 are time-barred, and as such should be dismissed.  *See Sierra-*

*Serpa v. Martinez*, 995 F.2d 325, 325 (1st Cir. 1993) (affirming dismissal of § 1983 action filed

after expiration of limitations period).

  **D.**  **THE COMPLAINT MUST BE DISMISSED WHERE IT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 UPON WHICH RELIEF CAN BE GRANTED.**

  Section 1983 of Title 42 does not create any substantive rights, but merely provides a

remedy for plaintiffs who have been deprived of rights, privileges, or immunities secured by the

Constitution or the laws of the United States.  *Albright v. Oliver*, 510 U. S. 266, 114 S. Ct. 807,

811 (1994); *Baker v. McCollan*, 443 U. S. 137, 144 n.3 (1979).  To bring an action under 42

U.S.C. § 1983, a plaintiff must show both the existence of a federal constitutional or statutory

right, and some deprivation of that right as a result of the defendant's actions under color of state

law.  *Watterson v. Page*, 987 F.2d at 7; *Rumford Pharmacy v. City of East Providence*, 970 F.2d

996, 998 (1st Cir. 1992).  *See Graham v. Connor*, 490 U. S. 386, 394 (1989).  Here, the plaintiff

alleges that "the defendants violated [his] procedural due process rights by refusing to afford him

an avenue through postconviction proceedings by which reliable and accurate DNA testing can

conclusively prove his actual innocence."  *See* Complaint at ¶ 22.

  In order to be a due process violation, a deprivation of a protected interest must rise to the

level of a "constitutional tort," *i.e.*, that the conduct complained of must be so egregious as to

exceed the boundaries of wrongful injuries redress able under state tort law, and deprived the

plaintiff of a Fourteenth Amendment liberty interest without due process of law.  *Byrd v. Clark*,

783 F.2d 1002, 1006 (11th Cir. 1986).  *See Baker v. McCollan*, 443 U. S. at 146-147.  Here, the

complaint is replete with unsupportable conclusions, *see Educadores Puertoriquenos v. Hernandez*, 367 F. 3d at 68, and it failed to specify a due process violation.

To prove a violation of procedural due process under § 1983, the plaintiff must show that: (1) he was deprived of a constitutionally protected interest in life, liberty, or property; (2) the deprivation occurred without due process of law; and (3) the defendants subjected the plaintiff to the deprivation. *Toney-El v. Franzen*, 777 F.2d 1224, 1227 (7th Cir. 1985), *cert. denied sub nom., Toney-El v. Lane*, 476 U. S. 1178 (1986). *See Rumford Pharmacy v. City of East Providence*, 970 F.2d at 999. Assuming for the moment that the conduct of the defendants deprived the plaintiff of liberty without due process of law, the complaint nevertheless failed to properly allege that available remedies under Massachusetts law were inadequate to redress that deprivation. *Id.* "Thus, at the very least the complaint failed to allege an element critically important to a procedural due process claim." *Id.*

The unavailability or inadequacy of a state law remedy is a critical element because "[i]n procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process.*" *Zinermon v. Burch*, 494 U. S. at 125 (emphasis in original); *Parratt v. Taylor*, 451 U. S. 527, 537 (1981); *Rumford Pharmacy v. City of East Providence*, 970 F.2d at 999. The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until Massachusetts fails to provide due process. *See Zinermon v. Burch*, 494 U. S. at 126. This pleading omission alone is sufficient to warrant dismissal of a procedural due process claim. *Pérez-Ruiz v. Crespo-Guillén*, 25 F.3d at 43; *Rumford Pharmacy v. City of East Providence*, 970 F.2d at 999; *Roy v. City of*

11

*Augusta*, 712 F.2d 1517, 1522 (1st Cir. 1983); *Monahan v. Dorchester Counseling Center, Inc.*, 961 F.2d at 994 n. 7. *See Hudson v. Palmer*, 468 U. S. 517, 533 (1984). *See also Senra v. Cunningham*, 9 F.3d 168, 173 (1st Cir. 1993) (plaintiff failed to state a procedural due process claim where he failed to demonstrate inadequacy of state law remedy); *Smith v. Massachusetts Dept. of Correction*, 936 F.2d 1390, 1402 (1st Cir. 1991) (dismissing procedural due process claim where complaint did not allege unavailability of adequate state remedy).

E.    THE COMPLAINT MUST BE DISMISSED WHERE A *BRADY* CLAIM SHOULD NOT BE BROUGHT IN A § 1983 ACTION.

The Fifth Circuit explained in *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002), that in order to establish a *Brady v. Maryland* claim, Wade must prove that the prosecution suppressed favorable, material evidence that was not discoverable through due diligence. *Id.*, citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady v. Maryland* does not obligate the Commonwealth of Massachusetts to furnish a defendant with exculpatory evidence that is fully available to Wade through the exercise of reasonable diligence. *See Kutzner v. Cockrell*, 303 F.3d at 336, citing *Rector v. Johnson*, 120 F. 3d 551, 558 (5th Cir. 1997). When evidence is equally available to both the defense and the prosecution, the defendant must bear responsibility of failing to conduct a diligent investigation. *Id.*, citing *Herrara v. Collins*, 506 U.S. 390 (1993). Thus, Brady applies only to "the discovery, after trial, of information which had been known to the prosecution, but unknown to the defense. *See Kutzner v. Cockrell*, 303 F.3d at 336, citing *United States v. Agurs*, 427 U.S. 97, 103 (1976).

Furthermore, Wade is not challenging a prosecutor's failure to turn over exculpatory evidence that, if suppressed, would deprive him of a fair trial. *See Harvey v. Horan*, 278 F.3d at 378. Indeed, Wade received a fair trial. *See* Exhibit D, *Commonwealth v. Wade*, 428 Mass. 147,

12

697 N.E. 2d 541 (1998).   As the Fourth Circuit explained, even if a court were to accept an analogy to *Brady* in a § 1983 action, it only reinforces the conclusion that the plaintiff is bringing a habeas action rather than a § 1983 claim because *Brady* claims are typically raised in habeas petitions.   *See Harvey v. Horan*, 278 F.3d at 397, citing *Williams v. Taylor*, 529 U.S. 420, 437-440 (2000)(addressing state prisoner's *Brady* claim brought in a federal habeas proceeding); *Strickler v. Greene*, 527 U.S. 263 (1999)(same); *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996)(same); *Wood v. Bartholomew*, 516 U.S. 1 (1995)(same).   Wade's petition for habeas corpus has been dismissed as time-barred.   *See* Docket at 34.   Thus, the plaintiff's complaint should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should dismiss this complaint.

<div style="margin-left:50%">

Respectfully submitted,

THOMAS F.  REILLY
Attorney General

<u>/s/ Eva M. Badway</u>
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824
BBO # 635431

</div>

Dated: November 1,  2005

---

13