# JANET HETHERWICK PUMPHREY

ATTORNEY AT LAW
45 WALKER STREET
LENOX, MASSACHUSETTS 01240

TELEPHONE (413) 637-2777
FACSIMILE (413) 637-1640
www.PumphreyLaw.com

June 23, 2006

The Honorable Nancy Gertner
Federal District Court
1 Courthouse Way
Boston, MA 02210

RE: Wade v. Brady, Reilly, and Cruz
    Docket No. 04-12135-NG

Dear Judge Gertner:

Since the pleadings in the above-reference matter were filed, two United States Supreme Court cases were decided this month, and both are highly relevant to the issues raised.

In House v. Bell, 2006 WL 1584475 (June 12, 2006), the Supreme Court issued its first opinion considering the weight that DNA evidence should be afforded when considering a post-conviction actual innocence claim. In ruling for the Petitioner, the Court held that a habeas corpus petitioner's action may proceed because he successfully made the stringent "actual innocence" showing required. In House, post-conviction DNA testing proved that semen on the victim's clothing was the victim's husband's rather than the defendant's. Given that serology evidence (as in Wade) was used to ostensibly link the defendant to the crime at trial and to establish a motive for the murder, the Court found the DNA exclusion "of central importance." In House, the prosecution had tried the case on the basis of sexual motive, arguing that the murder was committed in the course of a rape or kidnaping because there was semen on the victim's clothing. The Supreme Court reversed because "a jury acting without the assumption that the semen could have come from House would have found it necessary to establish some different motive, or, if the same motive, an intent far more speculative." In Wade v. Brady, an even stronger case is made for actual innocence if DNA testing proves that the semen was not Mr. Wade's. Mr. Wade was convicted for felony murder, with rape as the predicate felony. If the semen is not Mr. Wade's, then his allegedy identity as the man who raped and subsequently caused the victim's death is directly refuted by DNA evidence. Indeed, in House, the DNA was held to be critical new evidence supporting the defendant's innocence claim, *even though* the semen turned out to be from the victim's husband (and thus could have come from consensual intercourse), rather than a 3rd party perpetrator. By contrast, in Mr. Wade's case, the DNA could well provide direct proof (potentially through a "hit" in the DNA databank) that another

individual actually committed the rape.

In Hill v. McDonough, 2006 WL 1584710 (June 12, 2006), a death row inmate brought a section 1983 action challenging as cruel and unusual punishment the lethal injection planned for his execution. The Supreme Court held that the section 1983 claim was cognizable and was not a procedurally barred subsequent habeas corpus petition, because the relief sought did not cast on Hill's sentence the kind of negative legal implication that would require him to proceed in a habeas corpus action. The issue, as here, is whether the nature of the claim would *necessarily* imply the validity of the confinement or sentence. The Court concluded that a challenge to the lethal injection would not. Similarly, in Wade v. Brady, the sought DNA testing itself would not necessarily implicate the validity of the confinement or sentence. Rather, the only *inevitable* consequence of success in this action would be release of evidence to a laboratory for DNA testing. If testing is ordered, Wade's Section 1983 action will terminate, but all other consequences of success in terms of his confinement or sentence are contingent: the laboratory may fail to obtain DNA test results, the DNA test results could further inculpate Wade, or, if exculpatory results are obtained, Wade must still proceed via a new action to secure his release from prison.

Should the Court need anything further, please do not hesitate to give me a call.

Very truly yours,

Janet H. Pumphrey

cc:  Eva Badway, Esq.
     Robert Wade
     Nina Morrison, Esq.