UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT WADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 04-12135-NG |
| STEVE O'BRIEN, and | ) |
| MARTHA COAKLEY, et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER

In accordance with Rules 8 and 12 of the Federal Rules of Civil Procedure, the defendants, Martha Coakley, the Massachusetts Attorney General, and Timothy J. Cruz, the Plymouth District Attorney, respond to the plaintiff's complaint by correspondingly numbered paragraphs as follows:

1. To the extent that paragraph 1 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings. Answering further, the defendants state that the last sentence of paragraph 1 contains conclusions of law that require no response. Further answering, the defendants state that the plaintiff has failed to state a claim upon which relief can be granted.

2. To the extent that paragraph 2 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the

       state court record of the plaintiff's criminal proceedings.

3.     The defendants are without knowledge or information to form a belief as to the truth of the paragraph 3.

4.     The defendants state that paragraph 4 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 4 are denied.

5.     The defendants state that paragraph 5 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 5 are denied.

6.     The defendants state that paragraph 6 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 6 are denied.

7.     Admitted.

8.     Admitted, Thomas F. Reilly was the Attorney General at the time the complaint was filed. Further answering, the defendants state that, at the present time, Martha Coakley is the Massachusetts Attorney General.

9.     Admitted, Bernard Brady was the Superintendent at the time the complaint was filed. Further answering, the defendants state that, at the present time, Steve O'Brien is the Superintendent-Operations of the Old Colony Correctional Center.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13. To the extent that paragraph 13 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings or the Massachusetts Supreme Judicial Court's elucidation of the facts.

14. To the extent that paragraph 14 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings or the Massachusetts Supreme Judicial Court's elucidation of the facts.

15. To the extent that paragraph 15 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings or the Massachusetts Supreme Judicial Court's elucidation of the facts.

16. To the extent that paragraph 16 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings or the Massachusetts Supreme Judicial Court's elucidation of the facts.

17. To the extent that paragraph 17 of the complaint contains allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings or the Massachusetts Supreme Judicial Court's elucidation of the facts.

18. The defendants are without knowledge or information to form a belief as to the truth of the first sentence of paragraph 18. To the extent that the remaining sentences of paragraph 18 of the complaint contain allegations of fact, the defendants state that the state court record speaks for itself. Further answering, the defendants deny each and every allegation of fact that does not comport exactly with the state court record of the plaintiff's criminal proceedings.

19. Denied.

20. Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

21. The defendants state that paragraph 21 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 21 are denied.

21(a).[1] Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

22. The defendants state that paragraph 22 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 22 are denied.

---

[1] The plaintiff's complaint has two paragraphs numbered 21. The defendants use 21(a) to refer to the second paragraph numbered 21 in the plaintiff's complaint.

23. Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

24. The defendants state that paragraph 24 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 24 are denied.

25. Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

26. The defendants state that paragraph 26 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 26 are denied.

27. Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

28. The defendants state that paragraph 28 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 28 are denied.

29. Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

30. The defendant state that paragraph 30 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 30 are denied.

31. Defendants repeat and incorporate herein their answers to paragraphs 1 through 19.

32. The defendants state that paragraph 30 contains conclusions of law that require no response. To the extent a response is required, the allegations in paragraph 32 are denied.

<u>FIRST AFFIRMATIVE DEFENSE</u>

The complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of judicial estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are not cognizable because they necessarily imply the invalidity of plaintiff's underlying state convictions.

### SEVENTH AFFIRMATIVE DEFENSE

This Court is not authorized to exercise appellate jurisdiction over state-court judgments.

### EIGHTH AFFIRMATIVE DEFENSE

Principles of comity and federalism preclude federal review of a state court judicial decision denying access to DNA- the only appeal from the state court judgment is a petition for certiorari.

WHEREFORE, the defendants respectfully request that:

1. The complaint be dismissed in its entirety;

2. Judgment enter in the defendants' favor on all of the plaintiff's claims; and

3. The defendants be awarded such other and further relief as this Court deems just and proper.

                                                                                Respectfully submitted,

                                                                                MARTHA COAKLEY
                                                                                ATTORNEY GENERAL

                                                                                /s/ Eva M. Badway
                                                                                Eva M. Badway
                                                                                Assistant Attorney General
                                                                                Criminal Bureau
                                                                                One Ashburton Place
                                                                                Boston, Massachusetts 02108
                                                                                (617) 727-2200, ext. 2824
Dated: August 20, 2007                                                           BBO # 635431

## CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 20, 2007.

                                                                                /s/ Eva M. Badway
                                                                                Eva M. Badway