UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ROBERT WADE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 04-12135- NG |
| BERNARD F. BRADY, ET AL. | ) ) ) | |
| Respondents. | ) ) | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT INSTANTER AND WITH EXCESS PAGES**

The Defendants, Bernard F. Brady, Timothy J. Cruz, and Martha Coakley (the "Defendants"), hereby respectfully move for leave to file the accompanying Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment instanter and with excess pages. In support of this Motion, the Defendants state as follows:

1. This action was initially filed as a habeas corpus action under 28 U.S.C. § 2254 in October 2004. It is now styled as a civil rights action, in which the Plaintiff seeks post-conviction access to testing of DNA evidence related to the offense of which he was convicted in state court.

2. The record of the state-court proceedings giving rise to the Plaintiff's conviction and the record of the instant federal action are voluminous.

3. Perhaps more significantly, the action involves novel and complex issues of law concerning the ability of a state prisoner to obtain the type of access sought here. In an October

2006 decision in this case, this Court reached conclusions on certain issues, but declined to resolve others. Such issues included the intricate questions of when a right to such access attaches, what standards govern the timeliness of an action seeking such access, and whether the Plaintiff here would be entitled to access.

4.  Addressing such issues, the Plaintiff filed a 42-page Memorandum in Support of Motion for Summary Judgment in January 2008. Therein, he devoted substantive discussion to five different timeliness issues, the standard that should be applied in allowing access to DNA evidence, and the application of that standard to his case.

5.  The undersigned counsel did not have any familiarity with this case prior to January 2008, at which time he assumed primary responsibility for representing the Defendants.

6.  With the gracious assent of counsel for the Plaintiff, the Defendants' counsel sought and obtained extensions of time to file an opposition to the Plaintiff's Motion for Summary Judgment until April 22, 2008.

7.  Especially in light of the novelty, complexity, and importance of the issues raised in this case, the undersigned counsel felt it necessary to thoroughly address all of the issues left unresolved in this Court's prior decision and discussed by the Plaintiff. He also identified an additional, important issue that merited substantive discussion. In fact, he ultimately determined that the filing of a cross-motion for summary judgment on behalf of the Defendants was warranted. The issues proved to be more complex than anticipated.

8.  Added to the foregoing, the undersigned counsel maintains a sizable workload. In particular, within the past six weeks, he has had to file a substantial dispositive motion in a federal habeas corpus action, file dispositive motions in two state administrative appeals, file an application for review by the Massachusetts Supreme Judicial Court, work on a supplemental

filing to that court, prepare for an oral argument before that court, work on a brief to the United States Court of Appeals for the First Circuit, devote attention to a complex grand jury investigation, and conduct a training seminar.

9. Additionally, the undersigned counsel recently had to spend time out of town observing a holiday with family members.

10. As a result of all of the foregoing, the undersigned counsel found it impossible to meet the April 22, 2008, deadline for the filing of the Defendants' opposition. Rather than move for further enlargement based on a guess as to its date of completion, it seemed more sensible to complete the document and move for leave to file it instanter. It is now complete.

11. In light of the number, complexity, and novelty of the issues involved, as well as the thoroughness of the Plaintiff's memorandum and the fact that the Defendants were both responding to the Plaintiff's motion and advancing their own motion, their memorandum of law ended up totaling 39 pages, close to the length of the Plaintiff's memorandum.

12. Allowing leave for the Defendants to file the accompanying memorandum will afford them with the opportunity to present the most thorough arguments in support of their positions.

13. Allowing leave will also enable the Defendants to assist the Court in analyzing and resolving the important, complex, and novel issues raised in this case.

14. Finally, allowing the instant Motion will further the interests of justice, not prejudice any party, and not delay the progress of the instant case.

**WHEREFORE,** the Defendants request that this Honorable Court grant leave for them to file instanter the accompanying 39-page Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment.

Respectfully submitted,

BERNARD F. BRADY,
TIMOTHY J. CRUZ, and
MARTHA COAKLEY,

by their counsel,

MARTHA COAKLEY
Attorney General


/s/ Randall E. Ravitz_____
Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2852

Dated:  April 24, 2008


**CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2), I hereby certify that, shortly before filing this motion, I attempted to reach opposing counsel to confer in good faith concerning its subject, but was not able to reach her.

Dated:  April 24, 2008                                              /s/ Randall E. Ravitz_____
                                                                                    Randall E. Ravitz


**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below.

Dated:  April 24, 2008                                              /s/ Randall E. Ravitz_____
                                                                                    Randall E. Ravitz

4