**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ROBERT WADE,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 04cv12135-NG** |
| ) | |
| **BERNARD F. BRADY, THOMAS F.** ) | |
| **REILLY, and TIMOTHY J. CRUZ,** ) | |
| **Defendants.** ) | |

**GERTNER, D.J.:**

**MEMORANDUM RE: S. 1987 & <u>ROOKER</u>-<u>FELDMAN</u> DOCTRINE**
**August 25, 2011**

Plaintiff Robert Wade ("Wade") asserts that the denial of his request for post-conviction

DNA testing violates procedural due process. His claim turns on the nature of the procedure that

Massachusetts offers for this sort of request. See <u>Dist. Attorney's Office for the Third Judicial</u>

<u>Dist. v. Osborne</u>, 129 S. Ct. 2308, 2320 (2009). Currently, Massachusetts lacks a statute that

governs post-conviction DNA testing. Instead, Massachusetts Criminal Procedure Rule 30

provides a general procedure for seeking post-conviction relief. See <u>Leaster v. Commonwealth</u>,

385 Mass. 547 (1982). In pertinent part, Rule 30 provides that "where affidavits filed by the

moving party . . . establish a prima facie case for relief, the judge . . . may authorize such

discovery as is deemed appropriate, subject to appropriate protective order." Mass. R. Crim.

Pro. 30(c)(4). This procedure insofar as it relates to post-conviction forensic testing, however, is

possibly on the brink of change. On July 28, 2011, the Massachusetts State Senate unanimously

passed S. 1987, under which a person convicted of a criminal offense may be eligible for DNA

testing if he or she can demonstrate by a preponderance of the evidence that "the requested

analysis has the potential to result in evidence that is material to the moving party's identification

as the perpetrator of the crime in the underlying case." S. 1987, 187th Gen. Ct., Reg. Sess. (Mass. 2011). Accordingly, it would be imprudent to resolve Wade's due process claim as this time. **Accordingly, this case is STAYED until October 1, 2011.**

Because Wade's due process challenge may need to be resolved in the future, I would like to take this opportunity to clarify my July 13, 2011 electronic order on what has become known as the <u>Rooker</u>-<u>Feldman</u> doctrine. This doctrine has been applied only twice by the Supreme Court – first in <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and then, sixty years later, in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983). It is an extremely cabined rule that has no applicability here. Both <u>Rooker</u> and <u>Feldman</u> presented rare situations in which the federal district court attempted to function as a state appellate court, ordering the state court to vacate its judgment. In <u>Rooker</u>, the plaintiffs sought to have a federal district court declare a state court judgment "null and void." 263 U.S. at 414. In <u>Feldman</u>, the source of the plaintiffs' injuries was the judicial branch itself. 460 U.S. at 468. The District of Columbia Court Reform and Criminal Procedure Act of 1970 authorized the District of Columbia Court of Appeals to make rules concerning the examination, qualification, and admission of persons for bar membership. <u>Id.</u> at 464. Two District of Columbia bar applicants petitioned the Court of Appeals for waivers of the requirement that members graduate from an approved law school. <u>See id.</u> at 467. The Court of Appeals denied their requests for waivers, so the applicants brought federal action against the District of Columbia Court of Appeal and its judges. <u>Id.</u> at 468.

<u>Rooker</u> and <u>Feldman</u> have no applicability in cases where, like here, the federal action does not involve the state court as a party and, accordingly, the plaintiff/petitioner does not seek "to reverse or modify" a state-court judgment. <u>See Rooker</u>, 263 U.S. at 416. Wade directs his

as-applied challenge of Rule 30 at the executive branch officers responsible for the government's

refusal to provide Wade with DNA testing, not the state court that interpreted Rule 30.  Thus, a

finding by this Court that the denial of Wade's request for DNA testing violated due process

would not vacate a decision by the state court and, accordingly, would  not violate

Rooker-Feldman.

The Supreme Court's decisions in Skinner v. Switzer, 131 S. Ct. 1289 (2011), Osborne,

129 S. Ct. at. 2320-22, and Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005),

buttress this conclusion.  In Exxon, the Court explicitly held that the Rooker-Feldman doctrine is

limited to cases "inviting district court review and rejection of [state court] judgments."  544

U.S. at 284.  In so doing, the Court lamented that the doctrine had been "construed to extend far

beyond the contours of the Rooker and Feldman cases, overriding Congress' conferral of

federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding

the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738."  Id. at 283.  In

Osborne, the Court envisioned the exact sort of as-applied challenge to a post-conviction DNA

statute Wade now brings.  In that case, Osborne had failed to utilize Alaska's DNA discovery

procedure and, as a result, the Court found it "difficult to criticize the State's procedures when

Osborne has not invoked them."  Osborne, 129 S. Ct. at 2322.  However, the Court explained:

> This is not to say that Osborne must exhaust state-law remedies.
> But it is Osborne's burden to demonstrate the inadequacy of the
> state-law procedures available to him in state postconviction relief.
> These procedures are adequate on their face, and without trying
> them, Osborne can hardly complain that they do not work in
> practice.

Id. at 2321 (citations omitted).  In other words, through the as-applied challenge Osborne failed

to make, federal courts "may upset a State's postconviction relief procedures" if they are

"fundamentally inadequate to vindicate the substantive rights provided."  Id. at 2320.

Finally, in Skinner, the Court dismissed the argument that the federal district court lacked

jurisdiction to hear the petitioner's as-applied due process challenge to Texas's post-conviction

DNA statute.  131 S. Ct. at 1297-98.  As the Court explained, Skinner did "not challenge the

prosecutor's conduct or the decisions reached by the [state court] in applying [the post-conviction

DNA law] to his motions" – meaning that Skinner had neither named the prosecutor or the state

courts as defendants in his federal action nor sought to modify or vacate the state court's

decision.  Id. at 1296.  Rather, Skinner simply challenged the statue "as construed" by the Texas

courts when denying him procedural due process.  Id.  Accordingly, the Court found that Skinner

encountered no Rooker-Feldman "shoal," because he had presented an "independent claim" in

federal court.  Id. at 1297 ("[I]t is not an impediment to the exercise of federal jurisdiction that

the 'same or a related question' was earlier aired between the parties in state court." (quoting

Exxon, 544 U.S. at 292-93)).


**SO ORDERED.**

**Date:  August 25, 2011**          /s/ Nancy Gertner
                              **NANCY GERTNER, U.S.D.J.**